# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

TRAVIS ROMANO, )
  )
    Plaintiff, )
  )
v. ) Case No. CV408-121
  )
INTERSTATE EXPRESS, INC.; )
CAROLINA CASUALTY )
INSURANCE COMPANY; )
LINKAMERICA EXPRESS, INC.; )
LINKAMERICA DEDICATED, INC.; )
and JOAQUIN HIERREZUELO, )
  )
    Defendants. )

## **ORDER**

Before the Court is the defendants' Fed.R.Civ.P. 35(a)[1] motion to compel an independent medical examination of plaintiff Travis Romano. Doc. 40. Romano brought this diversity-based negligence

---

[1] Rule 35(a) states, in relevant part:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown and upon notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

action following a 2006 collision between his vehicle and a truck driven by defendant Joaquin Hierrezuelo. Doc. 7. Suing Hierrezuelo, his corporate employers, and the truck's insurer, *id.* ¶¶ 1.2-1.6, Romano alleges that "Hierrezuelo negligently . . . took a right turn scraping the right side of his tractor trailer on the left side of Mr. Romano's vehicle and catching [Romano's] left arm in between both vehicles[, thus] causing a de-gloving injury. . ." *Id.* ¶ 3.4; *see also id.* ¶ 3.8 (Romano "suffered great mental and physical injuries as a result of the collision").

Defendants want the Rule 35(a) examination to confirm the nature and extent of Romano's injuries. Doc. 40 at 2. They should not, they point out, have to rely on *plaintiff's* medical experts. *Id.* at 3. Romano opposes, contending that the defendants must show more than "complaint allegations" of injury to satisfy the rule's "good cause" requirement. Doc. 45 at 2.

When the mental or physical condition of a party is in controversy and good cause is shown, Rule 35(a) authorizes the Court to order the party to submit to a physical or mental examination by a

suitably licensed or certified examiner. Rule 35(a). The "good cause" and "in controversy" requirements are not met by mere conclusory allegations of pleadings, nor by mere relevance to the case. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Instead, the movant must affirmatively show

> that each condition as to which an examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. This does not mean that the movant must prove the case on the merits in order to meet the requirements for a mental or physical examination, but the movant must produce sufficient information by whatever means so that the district judge can fulfill the function mandated by the Rule.

10A FED. PROC., L. ED. § 26:676 (*What must be shown, generally*) (Sept. 2008) (footnotes omitted).[2]

Even where the movant meets the good cause requirement, courts may still deny the Rule 35(a) examination in order to protect "a

---

[2] Another encyclopedist points out that

> Rule 35(a) is intensely fact-specific and thus the case law interpreting it has only persuasive value. Courts may seek the assistance of an expert in determining whether a party's condition is in controversy. A court may decide to refuse an examination if the information sought is available from other sources, such as medical records and reports.

HANDBK. FED. CIV. DISC. & DISCLOSURE § 10.15 (*Motion and order--Condition in controversy*) (2d ed. 2008) (footnotes omitted).

3

party whose feelings or reputation might be injured by an unwarranted disclosure and thus tends to serve the purpose for which the physician–patient privilege was originally created." *Id.*

The defendants prevail here. "[G]ood cause for an examination exists when a person's physical or mental state cannot be evidenced without the assistance of expert medical testimony based on an examination." 23 AM. JUR. 2D Depositions and Discovery § 175 (*Prerequisites to issuance of order*) (Sept. 2008) (footnote omitted). And where a critical damages determination turns on the nature and extent of a plaintiff's claimed physical injuries, a defendant is entitled to an independent medical examination of same:

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts his mental or physical condition as a defense to a claim, such as, for example, where insanity is asserted as a defense to a divorce action.

*Schlagenhauf*, 379 U.S. at 119; *Cook v. Pizza Hut*, 2006 WL 1529775 at * 1 (M.D. Fla. May 31, 2006) (unpublished) ("Here, by asserting physical injuries resulting from an accident in which he was struck by a motor vehicle driven by Defendant's employee, Plaintiff has placed his physical condition in controversy and provided Defendant with good cause for an examination to determine the existence and extent of his asserted injuries"); *Martin v. Salvatierra*, 2006 WL 897633 at * 2 (S.D. Fla. Mar. 30, 2006) (unpublished) ("Because Plaintiff has asserted numerous mental injuries, she has placed her mental condition in controversy and therefore provided the Defendant with good cause to perform a mental examination").

Evidently anticipating this result, Romano seeks limitations on his examination. He insists that (a) the exam take place in Savannah, Georgia or somewhere nearby; (b) it be videotaped; (c) the examiner(s) not use any physically invasive measures but instead be limited to observation and evaluation; (d) the parties mutually agree on the physician(s) to be used for this purpose; and (e) the defendants bear all related costs. Doc. 45 at 3.

5

Nothing in Rule 35 mentions a "mutually chosen" examiner. Plus, plaintiff reaped the benefit of employing his own medical experts (in Atlanta, Georgia and Tampa, Florida, doc. 40 at 3) to support his case, thus triggering a proverbial "battle of the experts."[3] Hence, defendants are entitled to their own medical experts.

Accordingly, the Court **GRANTS** the defendants' motion, doc. 40, though it imposes upon the parties conditions (b), (c) and (e) *supra*, except that if plaintiff insists on videotaping then he must bear 50% of that cost. The defendants, however, shall bear Romano's reasonable travel expenses.

**SO ORDERED** this  28th   day of January, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Parties obviously may cut down on such expense by abstaining from hiring their own medical experts and instead agreeing to jointly fund a mutually chosen, independent medical examiner; the plaintiff here, however, has already crossed the Rubicon.

6