UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TRAVIS ROMANO,

Plaintiff,

v.                                408CV121

INTERSTATE EXPRESS,
INC., LINKAMERICA EXPRESS,
INC., LINKAMERICA DEDICATED,
INC., JOAQUIN HIERREZUELO, and
CAROLINA CASUALTY INSURANCE CO.,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court are plaintiff Travis Romano's "Motion for Entry of Default Judgment," doc. # 28, and "Application for Default Judgment," doc. # 34, and defendant Joaquin Hierrezuelo's "Cross-Motion ... for Order Preventing or Setting Aside Entry of Default," doc. # 33.

This negligence action was filed by Romano after his vehicle collided with a truck and semi-trailer being driven by Hierrezuelo. Doc. # 1 at 2-3. The accident resulted in the loss of Romano's left arm, which was extended out of the driver's side window at the time of the accident. *Id.* Plaintiff Romano claims that defendant Hierrezuelo caused the accident when he crossed several lanes to make a wide right turn, side-swiping plaintiff's car along the way. *Id.* Hierrezuelo, however, maintains that he was legally undertaking a right-hand turn when his semi-trailer was struck by Romano's vehicle as Romano attempted to make an illegal pass. Doc. # 46, exh. 2 at 1-2.

Hierrezuelo's response to plaintiff's complaint was due on 11/4/08. Defense counsel completed the answer late in the afternoon on 11/3/08. Doc. # 33, exh. C at 3 (affidavit of attorney Edward Stabell). Because of the late hour, counsel used the following day's date as the filing and service dates of the documents, and requested that his secretary file the documents the following day (11/4/08). *Id.* Defense counsel then began drafting responsive pleadings on behalf of co-defendant Carolina Casualty Insurance Company ("Carolina Casualty"), which were due at a later date. *Id.* Defense counsel's secretary, however, failed to file defendant Hierrezuelo's answer on 11/4/08. Doc. # 33, exh. D at 2 (affidavit of Sharon Watters).

Nine days later – on the same day that Carolina Casualty's responsive pleadings were due – plaintiff filed his "Motion for Entry of Default Judgment," doc. # 28, as to defendants Hierrezuelo and Carolina Casualty.[1] That day, defense counsel became aware for the first time that defendant Hierrezuelo's responsive pleadings had not been filed. Doc. # 33, exh. C at 3-4. After filing Carolina Casualty's answer, defense counsel immediately filed Hierrezuelo's original answer and certificate of service (dated 11/4/08) as well as an updated version of those documents (dated 11/13/08). *Id.* at 4. The next day, defense counsel filed a response to the Motion for Entry of Default Judgment, which also included a "Cross-Motion ... for Order Preventing or Setting Aside Entry of Default." Doc. # 33. Since then, plaintiffs have filed an "Application for Default Judgment." Doc. # 34.

### II. APPLICABLE LAW

Obtaining a default judgment is a two-step process. The moving party first must show

---

[1] Although plaintiff's Motion for Entry of Default Judgment also alleges that Carolina Casualty defaulted by not filing a timely response, Carolina Casualty's answer was in fact timely filed on 11/13/08. Entry of default against Carolina Casualty is therefore ***DENIED***.

"by affidavit or otherwise" that another party is in default. Upon such a showing, the Clerk will make an "entry of default" on the docket. F.R.Civ.P. 55(a). Only then may the party seek a "judgment by default" (also referred to as a "default judgment"). F.R.Civ.P. 55(b). However, prior to the issuance of a judgment by default, if the defaulting party files the overdue document and shows "good cause" for the delay, the initial entry of default will be set aside. F.R.Civ.P. 55(c).

To date, no default has been entered in this case. Plaintiff has, however, filed a "motion for entry of default judgment," doc. # 28, which the Court construes as a request for an Order directing the Clerk to enter a default against Hierrezuelo.[2] *See Systems Indus., Inc. v. Han*, 105 F.R.D. 72, 74 n.1 (E.D. Pa. 1985) ("Although Rule 55(a) speaks of entry of default by the clerk, the court has the power to perform this task as well."), *vacated on other grounds*, 1986 WL 10551 (E.D. Pa. 9/15/86). Additionally, plaintiff has filed an "application for default judgment" pursuant to Rule 55(b). Doc. # 34.

An entry of default must be considered in light of defendant Hierrezuelo's pending motion to prevent or set aside the entry of default. Doc. # 33. As a practical matter, if the Court determines that Hierrezuelo has shown "good cause" to set aside an entry of default, "then entry of a default by the Clerk would be a waste of effort" and need not be undertaken at all. *Systems Indus., Inc.*, 105 F.R.D. at 74.

"Good cause" is a liberal and mutable standard. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Generally, the factors courts consider include, but are not limited to: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense. *Id.* Influencing the Court's determination is the preference that disputes be resolved on the merits rather than on the basis of default. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (citations omitted).

### III. ANALYSIS

First, there is no indication that the failure to timely file an answer was due to willfulness or even gross negligence on the part of Hierrezuelo or any other individual involved. Instead, it was due only to inadvertent neglect by his attorney's secretary. Doc. # 33-2, exh. C at 3. "[A] technical error or a slight mistake" by a party's attorney should not deprive the party of an opportunity to present the merits of his claim. *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam).[3] Moreover, courts consider "whether the defaulting party acted promptly to correct the default" in determining whether the delay was undertaken in bad faith. *See Compania International*, 88 F.3d at 951. Here, Hierrezuelo's answer was filed mere hours after plaintiff filed his Motion for Entry of Default Judgment, *see* CM/ECF Receipt and Notice of Filing for doc. # 28 (filed 1:04 PM EST) and for doc. # 31 (filed 4:30 PM EST), and defendant filed a thoroughly supported motion to prevent or set aside the entry of default the very next day. Thus, there is no indication of willfulness or culpable conduct here.

Next, plaintiff has not shown that he would suffer prejudice if default is excused in

---

[2] Upon receipt of proof of default, the Clerk usually enters a party's default without an order from the Court. That did not happen in this case, presumably because the filing was captioned as a motion for a "default judgment" rather than an "entry of default."

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to 10/1/81.

this case. He has not asserted, for instance, that the passage of nine days during the delay has caused the proof of his case to become more difficult, nor that during that time he suffered the loss of any evidence or witnesses, nor has he alleged that his expenses have increased.[4] What *has* been shown is that both parties have proceeded with discovery: both plaintiff and defendant have already made expert disclosures and scheduled important depositions. Doc. # 33 at 8.

As to the third factor, Hierrezuelo has provided the Court with a meritorious potential defense to the claims against him. A party need not recite and prove up facts to support his claimed defense; an allegation of a meritorious defense can be substantial enough to constitute good cause under F.R.Civ.P. 55(c). *Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231, 234 (N.D. Ga. 1975). The Court's concern is whether there is a *possibility* that the outcome of the suit after a full trial would be contrary to the result achieved by the default. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2697, at 163 (3d ed. 2007) (emphasis added).

Here, Hierrezuelo has submitted a motor vehicle accident report, doc. # 33-2, exh. A at 3, prepared by the officers who were on the scene immediately after the collision, as well as an accident reconstruction report, doc. # 27-2 at 4-6, prepared by experts hired by the defendants. Both reports offer the same general conclusion: that Hierrezuelo had completely occupied the right turn lane and had been making a lawful right-hand turn when Romano attempted to improperly pass him on the right shoulder of the roadway, causing the collision. Moreover, defendant Hierrezuelo has maintained since the night of the accident that he was lawfully in the right turn lane making a proper right-hand turn when Romano attempted to unlawfully pass him, bolstering the aforementioned conclusions. *See* doc. # 33-2, exh. A at 3 (accident report). Thus, the Court finds that Hierrezuelo has provided a sufficient colorable defense to the complaint.

Finally, the Court has also taken into consideration the fact that Romano's counsel never contacted defendant Hierrezuelo to inform him of and encourage him to remedy his default. Doc. # 33-2, exh. C at 4. "When a party appears unduly anxious to win by default ... the Court may be generous toward the party moving for relief under R. 55(c)." 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2693, at 106.

Because Hierrezuelo has shown sufficient good cause to set aside default under Rule 55(c), the Court does not find an entry of default appropriate.

## IV. CONCLUSION

For all the foregoing reasons, and in the interest of the efficient administration of justice, plaintiff's motion for entry of default, doc. # 28, and application for default judgment, doc. # 34, are ***DENIED***. Hierrezuelo's cross-motion to prevent or set aside entry of default, doc. # 33, is ***GRANTED***.

This day of 24 February 2009.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] In fact, it seems plausible that the further delay plaintiff has caused by pursuing a default judgment even after defendant filed his answer may have caused greater expense to both parties than the initial delay in filing the answer itself.